1999 OK CIV APP 69

### In the Matter of the TAX PROTEST OF Steve BEEBE.

Steve Beebe, Protestant/ Appellant,

v.

**Duncan School District No.I–01, Respondent/Appellee.**

No. 92,162.

Court of Civil Appeals of Oklahoma, Division No. 3.

April 9, 1999.

Certiorari Denied June 15, 1999.

---

Steve W. Beebe, CPA, Duncan, Oklahoma, Pro se.

Henry C. Bonney, David L. Benefield, Bonney, Corley, Benefield, Stone & Campbell, Duncan, Oklahoma, and Robert E. Christian, District Attorney, Stephens County, Oklahoma, for Respondent/Appellee.

Opinion by KENNETH L. BUETTNER, Presiding Judge:

¶ Tax protestant Steve W. Beebe claimed that the Duncan school system's early retirement incentive plan violated the Oklahoma Constitution and State law. A three-judge panel of the Oklahoma Court of Tax Review entered summary judgment in favor of School District.[1] We affirm.[2]

¶ 2 For several years preceding the 1997 protest, School District had annually ratified the early retirement incentive plan. It then entered one-year contracts with eligible employees who wished to take advantage of the plan. Such employees were required to be eligible for benefits under the Oklahoma Teacher's Retirement System. Payments under the contracts were made from the general fund and were authorized for one fiscal year at a time. If payments ceased, each retiree was required to return to work in the first available position for which the retiree was qualified.

¶ 3 The Court of Tax Review found and held that the Plan did not create "a debt to be paid out of future revenues" and, therefore, did not violate Article 10, § 26 of the Oklahoma Constitution. It also found that Article 5, § 62 and 70 O.S. Supp.1997 § 17–105(9) do not restrict retirement benefits to "pension plans" only, but in fact allow a plan such as the one at issue.

¶ 4 Beebe first contends that the Court of Tax Review erred in deciding that the policy was one authorized by Article 5, § 62 of the Oklahoma Constitution and 70 O.S. Supp.1997 § 17–105(9).[3] He complains

---

**1.** 68 O.S. Supp.1997 § 3024.

**2.** Although there is no specific authorization in the Act for summary judgment procedure, there is for "dispositive motions." 68 O.S. Supp.1997, Ch. 1, Art. 28, App., Rule 8. Consequently, the parties filed appellate briefs and the case was not put on the accelerated docket. Because the court considered the matter based on stipulated

facts, documents and legal briefs, we review de novo.

**3.** Article 5, § 62, Okla. Const.: The legislature may enact laws to provide for the retirement for meritorious service of teachers and other employees in the public schools, colleges and universities in this State supported wholly or in part by public funds, and may provide for payments

that School District's Plan does not have a "duration" component or "type of services" in the calculation. The Plan, however, does state that applicants for early retirement must be eligible for retirement with the Oklahoma Teachers' Retirement System; must be age 62 with a minimum of seven consecutive years of service with the Duncan Board of Education or the age at which the employee's years of creditable service and age total 80 with seven consecutive years of service. Based on this language, we find that the contract was indeed specific as to "type of service," that which would make an employee eligible for benefits from OTRS as well as specific concerning duration of service. The Plan complies with both the statute and the constitution.

■ ¶ 5 Next Beebe asserts that the Court of Tax Review erred in not finding that the legislature, in enacting 70 O.S. Supp. 1997 § 17–105(9), violated the Oklahoma Constitution. In particular, Beebe complains that the provision in Title 70 violates the Article 10, § 26 prohibition against a school district incurring debt "in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year . . . ."

Title 70 Supp.1997 § 17–105(9) states in part:

Payments so made shall be a proper charge against the current appropriation or appropriations of any such public school for salaries for the fiscal year in which such payments are made.

to be made and accumulated from public funds, either of the State or of the several school districts. Payments from public funds shall be made in conformity to equality and uniformity within the same classifications according to duration of service and remuneration received during such service.

70 O.S. Supp.1997 § 17–105(9): The governing board of any "public school", as that term is defined in Section 17–101 of this title, is hereby authorized and empowered to pay additional retirement allowances or compensation to any person who was in the employ of such public school for not less than seven (7) school years preceding the date of his retirement. Payments so made shall be a proper charge against the current appropriation or appropriations of any such public school for salaries for the fiscal year in which such payments are made. Such payments shall

The statute passes constitutional muster. The constitution's mandate of "any year" is consistent with the use of a "fiscal year." "In deciding the constitutionality of statutes, a legislative act is presumed to be constitutional and will be upheld unless it is clearly, palpably and plainly inconsistent with the Constitution. Whenever possible, statutes should be construed so as to uphold their constitutionality." *Reherman v. Oklahoma Water Resources Board,* 1984 OK 12, 679 P.2d 1296, 1300.

¶ 6 Finally, Beebe states that the Court of Tax Review erred in finding that the Plan does not create "a debt to be paid out of future revenues." The facts as submitted belie this statement. The funds are paid from present sources. The authority for payment is made yearly.

¶ 7 For these reasons, we affirm the decision of the Court of Tax Review.

AFFIRMED.

GARRETT, J., and JOPLIN, J., concur.

be made in regular monthly installments in such amounts as the governing board of any such public school, in its judgment, shall determine to be reasonable and appropriate in view of the length and type of service rendered by any such person to such public school by which such person was employed at the time of retirement. All such additional payments shall be uniform, based upon the length of service and the type of services performed, to persons formerly employed by such public school who have retired or been retired in accordance with the provisions of this act.

The governing board of any such public school may adopt rules and regulations of general application outlining the terms and conditions under which such additional retirements benefits shall be paid, and all decisions of such board shall be final.